UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL AND RENE MEDINE**                                    **CIVIL ACTION**

**VERSUS**

**NO. 18-285-SDD-RLB**

**STATE FARM INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 15, 2018.

                                                                   _____
                                                                   **RICHARD L. BOURGEOIS, JR.**
                                                                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL AND RENE MEDINE**                                 **CIVIL ACTION**

**VERSUS**

                                                                                **NO. 18-285-SDD-RLB**

**STATE FARM INSURANCE COMPANY**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 3) filed on April 9, 2018. The motion is opposed. (R. Doc. 6).

**I.    Background**

On or about February 6, 2018, Michael and Rene Medine ("Plaintiffs") filed their "Petition for Insurance Benefits, Penalties and Attorney Fees" in the 23rd Judicial District, Ascension Parish, Louisiana, naming as defendant State Farm Fire and Casualty Company ("State Farm"). (R. Doc. 1-2 at 4-5, "Petition"). Plaintiffs allege that they own residential property in Ascension Parish that is insured by State Farm, and that they filed a claim with State Farm seeking policy benefits for hail damage caused to their roof by a tornado. (Petition ¶¶ 2-3). Plaintiffs assert that they "sent itemized repair estimates and statements from contractors verifying the hail damage on several occasions beginning in September 2017." (Petition ¶ 4). Plaintiffs assert that "State Farm refused to pay damages and failed to investigate damages to the residence next door making" its actions "arbitrary and capricious" in violation of Title 22 of the Louisiana Insurance Code. (Petition ¶ 5). Plaintiffs seek recovery of "insurance benefits" as well as "attorney fees, penalties and all sanctions" allowed under Louisiana law. (Petition ¶ 6).

1

On March 14, 2018, State Farm removed this action asserting that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In the Notice of Remand, State Farm claims that the amount in controversy is satisfied based upon the contractor estimate for claimed repair costs in excess of $50,000 in addition to the penalties and attorney fees sought under Louisiana law. (R. Doc. 1 at 2). State Farm filed an Amended Notice of Removal clarifying that there is complete diversity because Plaintiffs are citizens of Louisiana and State Farm is a citizen of Illinois. (R. Doc. 5).

On April 9, 2018, Plaintiffs filed the instant Motion to Remand asserting that the Court lacks diversity jurisdiction because the amount in controversy requirement is not satisfied. (R. Doc. 3).

## II.     Arguments of the Parties

In support of remand, Plaintiffs argue that the amount in controversy requirement is not satisfied in light of their affidavit dated April 9, 2018 (R. Doc. 3-2), which asserts that their claims do not exceed $75,000, and an "Irrevocable and Binding Stipulation" dated April 6, 2018 (R. Doc. 3-3), which asserts that Plaintiffs will not accept an award exceeding $75,000. (R. Doc. 3-1).

In opposition, State Farm argues that the amount in controversy was satisfied at the time of removal. (R. Doc. 6). State Farm concedes that the amount in controversy is not facially apparent. (R. Doc. 6 at 3). State Farm submits evidence, however, that prior to filing the Petition, Plaintiffs submitted an estimate of $57,150 for repairs to the roof of their house and shed, and that the applicable deductible on the underlying policy is $4,809. (R. Doc. 6-1). In light of this evidence, State Farm argues that any ambiguity regarding the amount in controversy requirement is satisfied as Plaintiffs are seeking to recover at least $52,341 under the policy (in

light of the deductible), as well as bad faith penalties under La. R.S. 22:1892 up to $26,170.50, and an unstated amount of attorney's fees. (R. Doc. 6 at 3-4). Finally, State Farm argues that the post-removal submissions by Plaintiff do not deprive the Court of diversity jurisdiction. (R. Doc. 6 at 5-7).

### III.  Law and Analysis

#### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

3

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

**B.     Analysis**

Plaintiffs did not demand recovery of a specific amount in the Petition.  The Petition provides no context for the Court to determine whether the jurisdiction amount is satisfied.  The Petition does not reference the applicable policy limits, the extent of hail damage caused, or the amount of recovery sought under the policy.  Given the foregoing, the Court concludes that the amount in controversy is not facially apparent.   Accordingly, the Court will consider whether any facts in controversy or summary judgment type evidence clarifies that the amount in controversy requirement was satisfied at the time of removal.

State Farm has submitted an affidavit by a claims representative indicating that (1) prior to the filing of the Petition, the Plaintiffs submitted an estimate for the applicable roof repairs in the amount of $57,150.00 and (2) that the applicable policy deductible is $4,809.00. (R. Doc. 6-1).  Plaintiffs have not submitted any facts in controversy or evidence controverting the foregoing evidence, which indicates that Plaintiffs are seeking at least $52,341.00 directly under the policy when the deductible is taken into consideration.

In addition to any amounts recoverable directly under the policy, Plaintiffs are seeking an award of "attorney fees, penalties and all sanctions" on the basis that State Farm's adjustment of their claims was "arbitrary and capricious" in violation of Title 22 of the Louisiana Insurance Code. (Petition ¶¶ 5-6).  In relevant part, Louisiana law provides that failure to make payment on a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim, if "found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . . and the amount found to be due as well as reasonable attorney fees and costs." La.

5

R.S. 22:1892(B)(1). The Court considers allegations seeking recovery for bad faith penalties and fees for the purpose of determining whether the amount in controversy requirement is satisfied. *See*, *e.g.*, *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14–52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014) ("That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 22:1973 supports a finding that the jurisdictional amount has been exceeded.") (citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). Given the broad allegations in the Petition, Plaintiffs are seeking up to an additional $26,170.50 in bad faith penalties (*i.e.*, 50% of the $52,341 sought directly under the policy when the deductible is taken into consideration), in addition to any recoverable attorney's fees under the statute.

  The Court also considers Plaintiff's post-removal affidavit and stipulation in determining whether the amount in controversy requirement was satisfied at the time of removal. The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)); *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of

6

proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

Here, the Notice of Removal offers more than a conclusory statement indicating that the amount in controversy requirement was satisfied at removal. As stated above, State Farm has submitted summary judgment type evidence indicating that the jurisdictional amount has been satisfied. Plaintiffs' post-removal affidavit and stipulation do not controvert the evidence submitted by State Farm. Accordingly, the Court concludes that State Farm has met its burden of establishing that the amount in controversy was satisfied at the time of removal, and that the Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a).

**IV.    Conclusion**

**IT IS RECOMMENDED** that the Motion to Remand be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 15, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**